Good morning, Your Honors. May it please the Court, I'm Christopher Imlay on behalf of the appellant, Mr. Abrams. With the Court's indulgence, I'd like to reserve two minutes of my You've got a clock in front of you. Whatever's left on the clock is yours. Yes, Your Honor. Thank you. In a case involving the Telecommunications Act of 1996, and the extent to which the Telecommunications Act allows recovery of Section 1983 damages and 1983 remedies, we start with a Blessing v. Freestone two-part test. The first part of that test is apparently uncontested here, and that is whether or not the Federal statute involved in the Telecommunications Act creates private rights enforceable under Section 1983. The crux of the issue before the Court here today is the second part of that test. That is whether the statute evidences a congressional intent to foreclose a cause of action under Section 1983. Once the first part of the test is met, there's a presumption that applies that Section 1983 remedies are applicable in any given Federal statutory violation case. The United States Supreme Court in Wright v. City of Roanoke Redevelopment Housing Authority in 1987's Supreme Court case indicated that that presumption is exceptionally strong. The Court said there, in part, if there's a State deprivation of a right secured by a Federal statute, Section 1983 provides a remedial cause of action unless the State actor demonstrates by express provision or other specific evidence from the statute itself that Congress intended to foreclose such private enforcement. The Supreme Court said that we do not lightly conclude that Congress intended to preclude reliance on Section 1983 as a remedy for the deprivation of a Federally secured right. The Ninth Circuit has consistently applied this same presumption in a strong manner. In Buckley v. City of Reading, a 1995 Ninth Circuit decision quoted in the briefs, to preclude enforcement under Section 1983, the Act's remedial scheme must be so comprehensive as to leave no room for additional private remedies. The Third Circuit has already entered the fray, hasn't it? Yes. The Circuit against your position. Isn't that correct? They did. And you're suggesting that we create a circuit split. Is that not where you are? Yes, Your Honor. This is a case of What's wrong with the Third Circuit's analysis? The Third Circuit's analysis assumed that the mere presence of a private judicial remedy was a sufficiently comprehensive remedy under the Telecommunications Act to preclude Section 1983 remedies. That's – it's in error for several reasons. First of all, it conflicts with the – with the Ninth Circuit's 1984 decision in – in Kūkaha Paniiwa, Community Association v. Hawaiian Homes Commission, which held specifically that the – that a – a mere right to sue is insufficient to preclude Section 1983 remedies. The Third Circuit assumed that the mere presence of a – of a right to sue was sufficient. Now, under the Telecommunications Act, there is – there are two remedies available, if remedies they are, and our assertion is that they're not, for – for violation of the Telecommunications Act. One is the filing of a suit in any court of competent jurisdiction within 30 days of the denial by the – by the municipality of the land use authorization. The other – the other provision is that – that an admonition, and we believe it's nothing more than an admonition from the – from the Congress, that such cases will be heard expeditiously. The expeditious resolution provision has no quantifiable characteristics whatsoever, and we would argue that it's not enforceable under – under any normal notion of statutory interpretation. A mere admonishment of a – of an expeditious resolution of the case, while oriented toward Congress's intention that – that consumers be provided telecommunications service rapidly, isn't the same as the evidence – the comprehensive remedy that would – that would preclude a Section 1983 remedy from applying. In – in Nextel Partners v. Kingston Township, the Third Circuit decision to which you allude, Your Honor, the – the – the court was, we believe, reflecting the concern that other courts that have found – that have found a preclusion of Section 1983 remedies in Telecommunications Act cases are confronted with, and that is that the typical scenario is that a – a large telecommunications provider is – is seeking redress against a – a small, occasionally rural municipality that in good faith is attempting to exercise its normal police power zoning jurisdiction. The situation in most of those cases, the factual circumstances are exactly that way. The – the – the Verizons, the AT&Ts, the Nextels, these are large corporations that don't need the benefits of Section 1983 remedies. And the – the law review article cited in – in both the – the – the city's brief and in – in our brief discusses the – the occasional inequities of – of applying 1983 remedies in a case where there's a large telecommunications provider against a small municipality. This case provides, perhaps uniquely, exactly the opposite circumstance. Here we have a small business entity that's attempting to – But – but we don't – the facts of your particular case can't be this positive on how the law is interpreted, because once we say your client can sue his municipality, the next plaintiff will be Verizon and Nextel. You're exactly right, Your Honor. I don't – I don't see where this argument gets you very far, though. You're – well, you're exactly right, Your Honor, and that's – that's – that's our point precisely, and that is that you can't – you can't include the equities of – of a given – of a given case when evaluating the application of Section 1983 remedies. We don't believe it has any application. I don't – you know, I don't quite understand. I mean, the statute provides a – a specific court remedy, and it provides for expedited treatment. How much more comprehensive a scheme do you want? I mean, what – isn't that sort of exactly duplicative of a 1988 remedy, except that here you get expedited treatment? Whatever expedited treatment is – is interpreted by a particular court calendar to mean, the – the – our – our assertion is that – Well, it's – it's more than no expedited treatment. So, you know, whatever it means, it must mean something more – something more than if you brought the lawsuit and you didn't get expedited treatment. But the point is it's purely subjective, and it's only an admonition. It can't be interpreted as anything more than that. The – what you're left with is an obligation to file within 30 days and – and a – a precatory term that the case be resolved expeditiously. Well, there seems to be an inconsistency. I mean, showing that you've got inconsistency between the two provisions just shows – just tends to cut against you. Why would Congress create this remedy that says, look, we want to get these things out quickly, get them to court? Oh, and by the way, you've got this other remedy out there that – that you can be leisurely and – The – the – the expeditious treatment requirement and the 30-day filing requirement, which isn't a remedy at all, is – is designed to benefit the consumer. The – the Telecommunications Act of 1996, the whole purpose was to facilitate competition in the delivery of telecommunications service because it makes it cheaper and it makes it more efficient, in theory. So the – those provisions aren't for the benefit of the telecommunications provider. The – the rights – the substantive rights under the Telecommunications Act that are – that are sought to be enforced don't have – there's no benefit in – in – in either the expeditious – expeditious adjudication provision or the 30-day filing requirement that benefits the provider. The – the provider is left with seeking a remedy in – in some court of competent jurisdiction. And there are no – there are no remedies specified. There's no mandamus that – that – that's – that's ordered. There's no injunctive relief that's specified. There's no administrative recourse to the Federal Communications Commission, which actually is provided for – for other unassociated land use matters in another portion of the Telecommunications Act. This undermined your argument as the thought that without that provision in the TCA, an aggrieved person can go to a court of competent jurisdiction and get relief under California law or Idaho law or whatever law. They can go to court if they've been wrong. That's right, Your Honor. And we don't add very much, except perhaps an expedited filing period. That's right, Your Honor. And the – the 30-day filing period is a – is a burden on the – on the filer, not a – not a remedy. It – and it – it doesn't – it doesn't provide any remedial activity whatsoever. The – the provision of the Telecommunications Act doesn't advance the ball. It doesn't – it doesn't create any remedy whatsoever. Now, in the – in the C. Clammers case and the – the Robinson case where the United States Supreme Court did find preclusion, and in the – in several other cases where – where 1983 was found to be precluded, there are unusually elaborate administrative procedures. There were – there were – there were injunctions. There were – there were enforcement citations available to the administrator in the – in those cases. There are – there was a whole plethora of different enforcement provisions that were – that were available. If Congress had been – had been seriously interested in – in expediting resolution under the Telecommunications Act, it could have provided a time period. They routinely require time periods under – under telecommunications legislation for expediting FCC administrative decisions or – or court review of – of telecommunications provisions. That's absent here. You are a minute over your time. Thank you. Good morning, and may it please the Court. I'm Peter Pierce on behalf of the City of Rancho Palos Verdes. The Third Circuit in Nextel observed that the private judicial remedy is the key distinction between those cases in which the U.S. Supreme Court has found a remedial scheme and a statute sufficiently comprehensive to preclude recourse to Section 1983, and those cases in which the Supreme Court has found that the remedial scheme and the statute was not sufficiently comprehensive to preclude recourse to Section 1983. In the absence of this provision in the TCA, would Mr. Abrams have been able to go to court to get the City's attention and get the City to do what he wanted? Yes, Your Honor. Mr. Abrams could have – could have filed a State court action under Code of Civil Procedure Section 1094.5 in the California State courts. So what did – so what does this provision gain him that he didn't already have? This provision confers upon him a Federal right to – A competent jurisdiction. He's still got to find a basis for Federal court jurisdiction other than this statute, doesn't he? Well, this statute provides Mr. Abrams or any other litigant a right to file a suit in any court of competent jurisdiction. It's either you can file it in Federal court or State court. This statute imposes substantial burdens, if you will, on cities to provide substantial evidence in a written record to justify a denial of a permit. So the statute does have teeth and imposes affirmative obligations on local governments. But which would be enforceable even though the statute did not have a provision saying a court of competent jurisdiction can take the case, because he could go to court anyway? That is true. So that doesn't add anything to his arsenal. The remedy here is comprehensive in nature because any person can bring – any agreed person can bring any action within 30 days in any court of competent jurisdiction, and the case has to be heard on an expedited basis. As this Court stated in the Buckley v. City of Reading case, which my opposing counsel referred to, what room is there here for any other type of private judicial remedy? That is about as comprehensive a private judicial remedy as you can have. One argument that was missing that I did not hear my opposing counsel mention and that I think is an important principle to remember here is that this Court in the Catherine D. and Almond Hill cases, as well as the Supreme Court in Blessing and the Third Circuit in the Nextel case, recognized that if there is an inconsistency between the remedial scheme and the particular statute at issue and the Section 1983 action, that is a strong indication that Congress intended to preclude recourse to Section 1983. And as the Third Circuit pointed out in Nextel, the TCA, which I'll use in short for the Telecommunications Act, does not provide for attorneys' fees, and a litigant who prevails in a Section 1983 action generally is entitled to attorneys' fees under Section 1988. That is one inconsistency. A second inconsistency is that the TCA sets forth a 30-day limitations period, meaning a plaintiff can get into court very quickly and is required to get into court very quickly. The limitations period for a Section 1983 action commenced when the appellant in this case commenced his action would be one year in California, and with 28 U.S.C. 1658 would now be four years. So that is yet a second inconsistency. I'm getting to your argument, the idea that there are no remedies given by the TCA. There are burdens imposed on it. And because the burdens are different from 1983, that makes the difference. Is that what you're saying? No, Your Honor. We are not saying that the TCA doesn't afford a litigant remedies. That's not our position at all. Our position is that the remedy here is comprehensive in nature. Okay. Tell me again what the remedy is it affords. The remedy here is the ability to go into any court of competent jurisdiction, whether it be federal or state court, and have that dispute. It didn't have that before this? It didn't have a right to go to court before this? There would be a right to go to court before this, of course. But the statute is very specific here, that the action has to be filed within 30 days and is entitled to expedited treatment. Okay. So you're saying what you're getting is the right to get expedited treatment. You're getting a very quick review of the city's land use decision is what you're getting here. And you can take it? In a very short statute of limitations. In a very short statute of limitations. So the oratory direction, how shall it decide quickly, is what you get. Because the other is burden. I'm sorry, I don't understand your question. Maybe I used the wrong big word. No, oratory I understood, but the burden, you mentioned burden, I didn't understand. The burden is you've got to go in 30 days. That's a detriment, because you didn't have to go in 30 days before. But the benefit is you get a quick decision. I would say, to the contrary, Your Honor, with all due respect, I would say the 30 days is not a detriment. I would also say the 30 days is a benefit, because that adds to the quickness of the decision. If the plaintiff is entitled to wait for one year, as a plaintiff would be under Section 983. The plaintiff can go in 30 days if he wants. He doesn't have to wait one year to file a case. That's true, but congressional intention is the touchstone here. It's like mom nagging you. So you don't procrastinate. You know, you say, oh, I could do it next week. You say, no, no, do it within 30 days. That's the benefit. Well, yes, Your Honor. And congressional intention is really the relevant point here. What did Congress intend by putting 30 days into the statute? Congress intended to have 30 days for the filing of the decision and then an expedited judicial review. Congress intended that to be a complete remedy and an expedited remedy, if you will. But I think Judge Rustani's point is that in this case, Mr. Abrams could have filed in 10 days or 15 days or 20 days. As the person who lost, he's going to go to court as quickly as he can. And so the 30 days doesn't do him a bit of good, because he can wait a year, but he'd be out of his mind to wait a year when he thinks that they've done him wrong. So the city is probably never going to be aggrieved. It's not going to make a decision that it wants to appeal, I assume. So I think the point Judge Rustani's making is that's kind of a benefit that doesn't hold up much when you look at it in the real world. I look at it a bit differently. What did Congress intend with the scheme, with the short time period? And what Congress intended was for litigants to get into court very quickly. It may be a requirement to get into court very quickly. Probably intended for these land use issues to be resolved quickly. And so the city maybe can go on, if it doesn't get sued in 30 days, it can count on being okay. And the 1983, I believe it's going on in 1983, would undermine that. Well, yes, Your Honor. And that is something that we see in California state law quite a bit. When you have discretionary land use decisions that are made, there are very short time limitations. There are very short limitations periods on challenging those decisions. Government Code section 65,009 is the one that comes to mind. And so Congress's intent would be consistent with that intent, that local governments know relatively quickly whether or not their land use decisions are going to be challenged so they can go ahead and plan accordingly. It is really not a benefit for the plaintiff. It is a benefit for the city. It is a benefit for the city. And it reflects a congressional policy that cities not be, have to put their land use policies on hold for as much as a year on magazine bombing telecommunications, that they can, you know, if 30 days later they're not sued, they can feel down in the woods and go on with their planning. Yes, Your Honor. And your argument is that if we said there was a parallel 1988 that would be available, that would undermine this congressional, this would undermine this congressional policy of having the city be able to go on with its planning quickly. Yes, Your Honor. This, the 30-day time period does benefit the city. But ultimately, when added on to the expedited, the requirement for expedited judicial review, because it is so short, ultimately it does benefit the plaintiff as well. Just so I'm clear on this, he did make his 1983 claims within the 30 days. Yes, Your Honor. Yes. The lawsuit was filed within the 30-day time limitations. I see that I have 22 seconds left, so I'd just like to briefly turn to the other issue, which is attorney's fees based on the alleged 14th Amendment violation. I would just like to reiterate that that issue was never argued below and has not been argued to this Court, and therefore under this Court's precedence, which I will not be here because they're cited in our appellee's brief, that issue should not be decided in favor of the plaintiff here. I'm sorry. I just missed that. Which issue is that? That is the issue. Appellant makes an alternative argument that they're entitled to Section 1988 attorney's fees on the theory that their 14th Amendment right was violated. Thank you. You didn't say, do what you said you were going to do, which is to reserve time. I understand, Your Honor. I'll give you a minute. Thank you, Your Honor. Don't go over. I won't take that long, I promise. I want to make one point, sir. In the Buckley v. City of Reading case, the Ninth Circuit said in 1995, to preclude enforcement under Section 1983, the Act's remedial scheme must be so comprehensive as to leave no room for additional private remedies. Here, there is a scintilla of evidence that the Congress intended to preclude 1983 remedies anywhere found in the statute or in the legislative history. Under the attorney's fees, what does this 1983 give you? Damages that might be available for deprivation of the ability to conduct telecommunications, to provide personal wireless services to customers, due in this case to a longstanding injunction obtained by the municipality that was continued throughout the course of the conditional use permit process, and given the delay in resolving the conditional use permit and based on the denial of the conditional use permit, Appellant Abrams was precluded from providing personal wireless services to customers throughout the Los Angeles area. Why wouldn't this have been, why can't you get those damages in the statute? And if you prevail on that, why do you have to rely on 1983? Because the statute makes no provision for damages or any other remedy, Your Honor. It doesn't, it doesn't provide for any remedy other than that which a court might provide on its own. There is no, there are no damages provided for under the statute. But that doesn't by itself indicate a comprehensive scheme of regulations so as to leave no room for additional private remedies, quite the opposite. Thank you, Your Honor. Thank you. Okay, we're going to take a five-minute break. And be warned, when we say five minutes, we mean five minutes.
judges: Kozinski, Tg Nelson, Restani